UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COASTAL CARGO COMPANY, LLC | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 22-4622 |
| | * | |
| TENARIS GLOBAL SERVICES (CANADA) INC. | * | SECTION "L", MAG "4" |

## ORDER AND REASONS

Before the Court is Defendant Tenaris Global Services Canada Inc.'s ("Tenaris") Motion to Compel Arbitration. R. Doc. 5. Plaintiff has responded in opposition. R. Doc. 7. Defendant also submitted a reply memo in support of its motion. R. Doc. 10. Having considered the parties' arguments and the applicable law, the Court rules as follows.

### I.   BACKGROUND

Coastal Cargo is a stevedore and terminal operator that operates the Louisiana Avenue Terminal on the Mississippi River in New Orleans. In early 2022, Tenaris contracted with Coastal Cargo to unload steel pipe from a vessel and load that cargo onto trucks and railcars for carriage from New Orleans to Canada. In November 2022, Coastal Cargo filed the instant suit against Tenaris, alleging that Tenaris had failed to pay in full for the contracted work, and still owed it $146,970.32.  In response, Tenaris moves this Court to compel arbitration, asserting that a binding arbitration agreement exists between the parties.

### II.   PRESENT MOTION

Defendant now seeks to compel arbitration under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). The Fifth Circuit has held that a court's inquiry into compelling arbitration under the Convention consists of a four-element test: (1) if there is an agreement in writing to arbitrate the dispute, (2) if the agreement provides for arbitration in the territory of a Convention signatory, (3) if the agreement arises out of a commercial legal relationship, and (4) if a party to the agreement is not an American citizen. *Franco's Athletic Club LLC v. Davis*, 2022 WL 229343, *3 (E.D. La. Jan. 26, 2022). All four elements of the Fifth Circuit's test must be met in order for a Court to compel arbitration. Defendant bears the burden of proving that all four elements are met. *Weinhoffer as Trustee of Offshore Specialty Fabricators LLC v. Davie Shoring, Inc.*, 2020 WL 4676329, *2 (E.D. La. Aug. 12, 2020).

## III. DISCUSSION

In this case, Plaintiff argues that the first element of this test has not been met: that there is no agreement in writing between the parties to arbitrate the dispute. Defendant asserts that this agreement was memorialized in a Framework Agreement. R. Doc. 5-4. However, Plaintiff claims that it never agreed to this Framework Agreement, never received it, and was in fact unaware of it until receipt of Defendant's instant motion to compel arbitration.

"[I]t is axiomatic that arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, 927 F.Supp.2d 348, 359 (E.D. La. 2013) (quoting *American Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003)). Determination of whether an arbitration agreement under the Convention existed is based on "ordinary contract principles." *Baricuatro*, 927 F.Supp.2d at 359 (citing *American Heritage*, 321 F.3d at 537-38 (5th Cir.2003)). And

"ordinary contract principles require a 'meeting of the minds' between the parties in order for agreements to be valid." *Baricuatro*, 927 F.Supp.2d at 359 (quoting *American Heritage*, 321 F.3d at 538). Furthermore, "it is hornbook law that the consent of the parties is necessary to form a valid contract and where there is no meeting of the minds between the parties the contract is void for lack of consent". *Weinhoffer*, 2020 WL 4676329 at *2 (citation omitted).

Here, the Framework Agreement is not signed by Coastal Cargo. Defendant asserts that that fact is immaterial, because, it argues, Coastal Cargo received the Framework Agreement, and then performed on the contract between the parties, thus acceding to the Framework Agreement by performance of its services. Coastal Cargo asserts that it never received any Framework Agreement.

Although Louisiana law does recognize methods of contract formation which do not necessarily require both parties' signatures, in this case Tenaris has not carried its burden of showing that Coastal Cargo actually assented to the Framework Agreement or even received it. The only evidence Defendant has presented to support that position is an email thread between itself and Coastal Cargo to which it purports to have attached the Framework Agreement. R. Doc. 5-3. This document is insufficient to convince the Court that Coastal Cargo received and agreed to the Framework Agreement. In the email, Tenaris writes that "a copy of the purchase document" is attached. But the record doesn't make clear whether the referenced purchase document is in fact the Framework Agreement. There is also no evidence to show that Coastal Cargo received or read this email and the attachment, if the Framework Agreement was in fact attached. Additionally, as Plaintiff points out, the contact email for Coastal Cargo which is listed on the Framework Agreement is not the email address for anyone at Coastal Cargo. The record does not reveal any other discussion or mention of the Framework Agreement by either party.

Accordingly, Tenaris has failed to carry its burden to show that arbitration must be compelled in this case.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion is hereby **DENIED**.

New Orleans, Louisiana, this 9th day of February, 2023.

_____
United States District Judge